BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527
    Facsimile: (213) 894-6269
    E-mail:    scott.paetty@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

7/1/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-cr-00543-FMO |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT THOMAS GUZMAN |
| v. | |
| THOMAS GUZMAN, | |
| Defendant. | |

1.    This constitutes the plea agreement between Thomas Guzman ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count information in the

1    form attached to this agreement as Exhibit A or a substantially

2    similar form, which charges defendant with Simple Assault on a

3    Federal Officer or Employee, in violation of 18 U.S.C. § 111(a)(1), a

4    Class A Misdemeanor.

5              b.    Not contest facts agreed to in this agreement.

6              c.    Abide by all agreements regarding sentencing contained

7    in this agreement.

8              d.    Appear for all court appearances, surrender as ordered

9    for service of sentence, obey all conditions of any bond, and obey

10   any other ongoing court order in this matter.

11             e.    Not commit any crime; however, offenses that would be

12   excluded for sentencing purposes under United States Sentencing

13   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

14   within the scope of this agreement.

15             f.    Be truthful at all times with the United States

16   Probation and Pretrial Services Office and the Court.

17             g.    Pay the applicable special assessment at or before the

18   time of sentencing unless defendant has demonstrated a lack of

19   ability to pay such assessments.

20             h.    Agree to and not oppose the imposition of the

21   following condition of probation or supervised release: defendant

22   shall not come within 100 feet of a federal building unless required

23   by a court order, or within 100 feet of a federal law enforcement

24   officer engaged in the performance of his or her official duties,

25   without prior permission of the United States Probation and Pretrial

26   Services, and any inadvertent violations of this condition shall be

27   reported within 24 hours of occurrence.

28

1                    THE USAO'S OBLIGATIONS

2      3.    The USAO agrees to:

3            a.    Not contest facts agreed to in this agreement.

4            b.    Abide by all agreements regarding sentencing contained

5    in this agreement.

6            c.    At the time of sentencing, provided that defendant

7    demonstrates an acceptance of responsibility for the offense up to

8    and including the time of sentencing, recommend a two-level reduction

9    in the applicable Sentencing Guidelines offense level, pursuant to

10   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

11   additional one-level reduction if available under that section.

12           d.    Except for criminal tax violations (including

13   conspiracy to commit such violations chargeable under 18 U.S.C.

14   § 371), not further criminally prosecute defendant for violations of

15   18 U.S.C. § 111 arising out of defendant's conduct described in the

16   agreed-to factual basis set forth below.  Defendant understands that

17   the USAO is free to criminally prosecute defendant for any other

18   unlawful past conduct or any unlawful conduct that occurs after the

19   date of this agreement.  Defendant agrees that at the time of

20   sentencing the Court may consider the uncharged conduct in

21   determining the applicable Sentencing Guidelines range, the propriety

22   and extent of any departure from that range, and the sentence to be

23   imposed after consideration of the Sentencing Guidelines and all

24   other relevant factors under 18 U.S.C. § 3553(a).

25                    NATURE OF THE OFFENSE

26       4.    Defendant understands that for defendant to be guilty of

27   the crime charged in count one, that is, Simple Assault on a Federal

28   Officer or Employee, in violation of Title 18, United States Code,

Section 111(a)(1), the following must be true: (1) defendant forcibly assaulted an officer or employee of the United States; (2) the defendant did so while the officer or employee of the United States was engaged in, or on account of, his or her official duties.

<u>PENALTIES</u>

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 111(a)(1), as charged in the single-count information, is: one year imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On June 12, 2025, in Los Angeles County, within the Central District of California, defendant Thomas Guzman, intentionally and forcibly assaulted, victim H.M., an officer or employee of United States Customs and Border Protection, while H.M. was engaged in, and on account of, the performance of H.M.'s official duties. Specifically, H.M. was on duty and standing guard outside the Edward R. Roybal Federal Building in downtown Los Angeles, when defendant

threw a rock at H.M.  The rock struck H.M. in the plexiglass face shield attached to his helmet covering his eyes and nose.  The rock made physical contact with victim H.M. and left visible damage to the left side of H.M.'s helmet.

<u>SENTENCING FACTORS</u>

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2A2.4 |
| Involved Physical Contact or Dangerous Weapon was Possessed and Its Use was Threatened | +3 | U.S.S.G. § 2A2.4(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1    WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

2        15.  Defendant understands that, with the exception of an appeal

3    based on a claim that defendant's guilty plea was involuntary, by

4    pleading guilty defendant is waiving and giving up any right to

5    appeal defendant's conviction on the offense to which defendant is

6    pleading guilty.  Defendant understands that this waiver includes,

7    but is not limited to, arguments that the statute to which defendant

8    is pleading guilty is unconstitutional, and any and all claims that

9    the statement of facts provided herein is insufficient to support

10   defendant's plea of guilty.

11       16.  Defendant also gives up any right to bring a post-

12   conviction collateral attack on the conviction or sentence, except a

13   post-conviction collateral attack based on a claim of ineffective

14   assistance of counsel, a claim of newly discovered evidence, or an

15   explicitly retroactive change in the applicable Sentencing

16   Guidelines, sentencing statutes, or statutes of conviction.

17   Defendant understands that this waiver includes, but is not limited

18   to, arguments that the statute to which defendant is pleading guilty

19   is unconstitutional, and any and all claims that the statement of

20   facts provided herein is insufficient to support defendant's plea of

21   guilty.

22         LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23       17.  Defendant agrees that, provided the Court imposes a term of

24   imprisonment within or below the range corresponding to an offense

25   level of 11 and the criminal history category calculated by the

26   Court, defendant gives up the right to appeal all of the following:

27   (a) the procedures and calculations used to determine and impose any

28   portion of the sentence; (b) the term of imprisonment imposed by the

8

Court; (c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the term of probation or supervised
release imposed by the Court, provided it is within the statutory
maximum; and (f) any of the following conditions of probation or
supervised release imposed by the Court: the conditions set forth in
Second Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);
and the conditions of probation or supervised release agreed to by
defendant in paragraph 2 above.

18.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 11 and the criminal
history category calculated by the Court, the USAO gives up its right
to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this

9

agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this

agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

20.   Defendant agrees that if the count of conviction is

vacated, reversed, or set aside, both the USAO and defendant will be

released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

21.   This agreement is effective upon signature and execution of

all required certifications by defendant, defendant's counsel, and an

Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

22.   Defendant agrees that if defendant, at any time after the

signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have

cured a breach without the express agreement of the USAO in writing.

If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously

entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

2

<u>OFFICE NOT PARTIES</u>

3        24.  Defendant understands that the Court and the United States

4   Probation and Pretrial Services Office are not parties to this

5   agreement and need not accept any of the USAO's sentencing

6   recommendations or the parties' agreements to facts or sentencing

7   factors.

8        25.  Defendant understands that both defendant and the USAO are

9   free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations above are consistent with the

17  facts of this case.  While this paragraph permits both the USAO and

18  defendant to submit full and complete factual information to the

19  United States Probation and Pretrial Services Office and the Court,

20  even if that factual information may be viewed as inconsistent with

21  the facts agreed to in this agreement, this paragraph does not affect

22  defendant's and the USAO's obligations not to contest the facts

23  agreed to in this agreement.

24       26.  Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

1              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         28.  The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    BILAL A. ESSAYLI
     United States Attorney

9

10   _____          6/30/25
     SCOTT PAETTY                                _____
11   Assistant United States Attorney            Date

12

13

14   _____          _____
     THOMAS GUZMAN                               Date
15   Defendant

16

17   _____          _____
     REID ROWE                                   Date
18   Attorney for Defendant
     THOMAS GUZMAN
19

20

21   //

22

23

24

25

26

27

28

                                    14

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          28.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
7     CALIFORNIA

8     BILAL A. ESSAYLI
      United States Attorney

9

10    _____        _____
      SCOTT PAETTY                            Date
11    Assistant United States Attorney

12

13                                            6·27·2025

14    _____        _____
      THOMAS GUZMAN                           Date
15    Defendant

16

17    _____        _____
      REID ROWE                               Date
18    Attorney for Defendant          6/21/25
      THOMAS GUZMAN
19

20

21    //

22

23

24

25

26

27

28

                               14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          6·27·2025
THOMAS GUZMAN                               Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am THOMAS GUZMAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set

15

1   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2   provisions, and of the consequences of entering into this agreement.

3   To my knowledge: no promises, inducements, or representations of any

4   kind have been made to my client other than those contained in this

5   agreement; no one has threatened or forced my client in any way to

6   enter into this agreement; my client's decision to enter into this

7   agreement is an informed and voluntary one; and the factual basis set

8   forth in this agreement is sufficient to support my client's entry of

9   a guilty plea pursuant to this agreement.

10

11  REID ROWE                                    6/27/25
    Attorney for Defendant                       Date
12  THOMAS GUZMAN