BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0762
    Facsimile:  (213) 894-0141
    E-mail:    Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>THOMAS GUZMAN,<br><br>      Defendant. | No. 2:25-543-FMO<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT THOMAS GUZMAN<br><br>Hearing Date: October 30, 2025<br>Hearing Time: 3:00 PM<br>Location:    Courtroom of the<br>           Hon. Fernando M.<br>           Olguin |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Haoxiaohan Cai, hereby files its sentencing position regarding Defendant Thomas Guzman.

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the presentence report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 10, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
HAOXIAOHAN CAI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant Thomas Guzman pleaded guilty to the single count information, which charged defendant with assault on a federal employee, in violation of 18 U.S.C. §§ 111(a)(1).

The United States Probation and Pretrial Services Office ("USPPO") calculated a total offense level of 11 -- based on a base offense level of 10 pursuant to U.S.S.G. § 2A2.4(a), a three-point enhancement for physical contact with the victim under § 2A2.4(b)(1), and a two-point reduction for acceptance of responsibility under § 3E1.1(a).  (PSR ¶¶ 19-30.)  According to the PSR, defendant has zero criminal history points, which establishes a criminal history category of I.  (Id. ¶ 36-47.)  This results in an advisory Sentencing Guidelines range of 8 to 14 months' imprisonment, which is reduced to aa range of 8 – 12 months because the statutory maximum for defendant's crime is 1 year.  (Id. ¶ 81.)

The government agrees with the USPPO's Guidelines calculations and respectfully recommends a low-end Guidelines sentence of 8 months' imprisonment, a one-year term of supervised release, and a special assessment of $100.

**II.    FACTUAL BACKGROUND**

As described in the PSR, the factual basis of defendant's plea agreement, and the complaint, on June 12, 2025, in Los Angeles County, within the Central District of California, defendant Thomas Guzman, intentionally and forcibly assaulted, victim H.M., an officer or employee of United States Customs and Border Protection, while H.M. was engaged in, and on account of, the performance of H.M.'s official duties. (Dkt. 17 at 5.)  Specifically, H.M. was on duty and

standing guard outside the Edward R. Roybal Federal Building in downtown Los Angeles, when defendant threw a rock at H.M.  (Id.)  The rock struck H.M. in the plexiglass face shield attached to his helmet covering his eyes and nose. (Id. at 5-6.)  The rock made physical contact with victim H.M. and left visible damage to the left side of H.M.'s helmet.  (Id.)

(Dkt. 1 at 4.)  After defendant was identified as the person who threw a rock at H.M., and after he was transported to a holding cell, defendant stated, "Man you got me, I knew I should have ran."  (Id. at 4.)  Additional rocks were found in his pockets.  (Id.)

**III. PROBATION & PRETRIAL SERVICES OFFICE'S REPORT AND THE SENTENCING GUIDELINES**

On July 17, 2025, defendant pleaded guilty to the single count information, which charged defendant with assault on a federal employee, in violation of 18 U.S.C. §§ 111(a)(1). (Dkt. 21.)

As noted above, the USPPO calculated a total offense level of 11 -- -- based on a base offense level of 10 pursuant to U.S.S.G. §

2

2A2.4(a), a three-point enhancement for physical contact with the victim under § 2A2.4(b)(1), and a two-point reduction for acceptance of responsibility under § 3E1.1(a).  (PSR ¶¶ 19-30.)  According to the PSR, defendant has zero criminal history points, which establishes a criminal history category of I.  (Id. ¶ 36-47.)  This results in an advisory Sentencing Guidelines range of 8 to 14 months' imprisonment, which is reduced to aa range of 8 – 12 months because the statutory maximum for defendant's crime is 1 year.  (Id. ¶ 81.)

The government agrees with the Guidelines calculation and criminal history calculation in the PSR.

**IV.  GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully recommends that the Court sentence defendant to a low-end Guidelines sentence of 8 months of imprisonment, a one-year term of supervised release, and a special assessment of $100.  This sentence is sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

**A.    Analysis Under 18 U.S.C. § 3553(a)**

1.    Nature, Circumstances, and Seriousness of the Offense

The nature and circumstances of defendant's conduct are serious. Defendant joined in on a large crowd that engaged with CBP officers who were assigned to protective duty of federal buildings, including Roybal and MDC.  (Dkt. 1 at 2.)  Whatever defendant's initial motivations were for joining on the protest, his conduct turned illegal when he decided to throw a rock at the face of H.M., which was protected only because he was wearing a face shield.  That defendant had additional rocks in his pockets at the time of his

3

1  apprehension confirms that defendant's assault of H.M. was neither

2  accidental nor a spur of the moment decision.

3       In mitigation, defendant's early acceptance of responsibility as

4  reflected in his plea to the information, supports the government's

5  low-end Guidelines recommendation.

6            2.   Defendant's History and Characteristics

7       Defendant's history and characteristics justify a within

8  Guidelines sentence, albeit a low-end one.  As described in detail in

9  the PSR, defendant appears to have grown up in a family with

10 hardworking parents, and was not waylaid by gang influences in the

11 neighborhood because he was protected by his older brother and

12 parents, and by seeking refuge in sports.  (PSR ¶¶ 45-56.)  Despite

13 some difficulty concentrating in high school, defendant persevered

14 and earned his high school diploma through Homeboy industries, was

15 working as a machine operator before this arrest, and cares for his

16 autistic nephew.  (Id.)

17      At the same time, defendant has had some run ins with the law.

18 Although he has no criminal convictions, his criminal history does

19 include four arrests: (1) in 2014 for public intoxication and

20 disorderly conduct, (2) in 2017 for disorderly conduct, where

21 defendant returned to an event after being asked to leave by

22 security, at which time he used insults and expletives and caused a

23 disturbance, (3) in 2017 for public intoxication and disorderly

24 conduct, and (4) in 2018 for battery on a peace officer.  (PSR ¶¶ 40-

25 43.)

26      The mix of aggravating and mitigating favors weigh in favor of a

27 within Guidelines sentence, albeit at the low-end.

28

4

3.    <u>Need to Protect the Public, to Provide Adequate Deterrence and Just Punishment, and to Promote Respect for the Law</u>

The sentence must satisfy the need to punish defendant, as well as society's need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and protect the public. 18 U.S.C. § 3553(a)(2).  Here, a within Guidelines sentence will provide deterrence both to defendant and to others who assault federal employees.  An 8-month sentence will help protect the public, provide adequate deterrence and just punishment, and promote respect for the law.

4.    <u>Need to Avoid Unwarranted Disparities</u>

A within Guidelines sentence also minimizes sentencing disparities among similarly situated defendant because a sentence within the correctly calculated Guidelines range ensures consistency in sentencing.  <u>See</u> <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); <u>Gall v. United States</u>, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.").  Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant are faced with a custody sentence between 8 months to 12 months' imprisonment.  <u>See</u> U.S.S.G. § 5A (Sentencing Table).  As such, the government's recommended within Guidelines sentence avoids an unwarranted disparity with similarly situated defendants.

1    **V.    CONCLUSION**

2        For the foregoing reasons, the government respectfully

3    recommends that the Court sentence defendant to 8 months of

4    imprisonment, a one-year term of supervised release, and a special

5    assessment of $100.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28